IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LANDY METAYER,** | § § | **CIVIL ACTION NO.:** |
| *Plaintiff,* | § § | |
| vs. | § § § | _____ |
| **LEGEND SENIOR LIVING, LLC D/B/A MEADOWOOD ASSISTED LIVING & MEMORY CARE,** | § § § § | Removed from the 17th Judicial District Court of Tarrant County, Texas; Cause No. 017-322607-20 |
| *Defendant.* | | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Legend Senior Living, LLC ("Legend" or "Defendant"), hereby removes this civil action from the 17th Judicial District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. In support of this Notice, Defendant states as follows:

### I.     INTRODUCTION

1.     On or about December 31, 2020, Plaintiff Landy Metayer ("Plaintiff") filed a civil action in the 17th Judicial District Court of Tarrant County, Texas ("State Court Action"), against Defendant Legend alleging nationality, race and color discrimination, retaliation and wrongful termination in violation of the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code § 21. The case is styled Cause No. 017-322607-20; *Landy Metayer v. Legend Senior Living, LLC, d/b/a Meadowood Assisted Living and Memory Care*.

2.     Defendant accepted service on January 7, 2021. Defendant has not yet filed an Answer or other pleading in the District Court of Tarrant County, Texas. There is no other

defendant named in the Petition other than Defendant. Defendant therefore timely removes this case under 28 U.S.C. § 1446(b).

## II.     BASIS FOR REMOVAL

3. This Court has original jurisdiction over Plaintiff's claims based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Diversity of citizenship exists where the suit is between a citizen of a state and a citizen of a foreign state and the amount in controversy exceeds $75,000. *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995); 28 U.S.C. § 1332(a)(2).

4. Upon information and belief, Plaintiff, an individual, is a citizen of Texas. See Ex. C-1 at ¶ 2.

5. Defendant is a Kansas limited liability company. For diversity jurisdiction purposes, the citizenship of a limited liability company is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Defendant is a two-member limited liability company. Its members, Timothy J. Buchanan and Meredith G. Buchanan, are both domiciled in Kansas. They have resided in Kansas for many years and intend to remain there indefinitely. Thus, for diversity jurisdiction purposes, Defendant is a citizen of Kansas because all of its members are citizens of Kansas.

6. Accordingly, complete diversity exists, and this Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1332(a)(2).

7. The removing party can satisfy the amount in controversy requirement where it is apparent from the face of the petition that the claims are likely to exceed $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Here, Plaintiff's Petition states that Plaintiff seeks "monetary relief being over $1,000,000." See Ex. C-1 at ¶5. Plaintiff's alleged damages include back pay and front pay, compensatory damages, punitive damages,

attorneys' and expert fees, declaratory and injunctive relief, interest as provided by law, costs of suit and any further relief. *Id.* at ¶ 45.

8. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending."

9. The United States District Court for the Northern District of Texas, Fort Worth Division includes the judicial district in which Plaintiff filed her State Court Action. Thus, removal to this Court is proper.

### III.   PROCEDURAL STATEMENTS

10. As required by 28 U.S.C. § 1446(a) and Local Rule 81.1, this Notice of Removal is accompanied by the following: (a) an index of all documents that clearly identifies each document and indicates the date the document was filed in state court; (b) a copy of the docket sheet in the State Court Action; (c) each document filed in the State Court Action, except discovery material; and (d) a separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e). These items are attached as Exhibits A through D and are incorporated herein by reference for all purposes.

11. As required by 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be promptly filed with the 17th Judicial District Court of Tarrant County, Texas, and served upon Plaintiff through her counsel of record.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that further proceedings in the State Court Action be discontinued, and that this suit be removed to the United States District Court for the Northern District of Texas, Fort Worth Division.

Dated: January 19, 2021								Respectfully submitted,

**OF COUNSEL:**											**JACKSON LEWIS P.C.**

Juliana C. Gaige										*/s/ Paul E. Hash*
Texas Bar No. 24041011								Paul E. Hash
**JACKSON LEWIS P.C.**									Texas Bar No. 09198020
1415 Louisiana Street, Suite 3325						500 N. Akard Street, Suite 2500
Houston, Texas 77002									Dallas, Texas 75201
Telephone: (713) 650-0404								Telephone: (214) 520-2400
Facsimile: (713) 650-0405								Facsimile: (214) 520-2008
Juliana.Gaige@jacksonlewis.com							Paul.Hash@jacksonlewis.com

**ATTORNEY FOR DEFENDANT**								**ATTORNEY-IN-CHARGE FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing, *Defendant's Notice of Removal*, was filed on January 19, 2021 in accordance with the e-filing protocols of the United States District Court for the Northern District of Texas, Fort Worth Division, and therefore has been served via EMCF to Plaintiff's counsel of record consistent with those protocols as noted below:

Jamie J. Gilmore
jgilmore@galyen.com
Brittney L. Thompson
bthompson@galyen.com
**BAILEY & GALYEN**
1300 Summit Avenue, Suite 650
Fort Worth, Texas 76102

										*/s/ Paul E. Hash*
										Paul E. Hash

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LANDY METAYER,** | § § | **CIVIL ACTION NO.:** |
| *Plaintiff*, | § § | |
| vs. | § § § | _____ |
| **LEGEND SENIOR LIVING, LLC D/B/A MEADOWOOD ASSISTED LIVING & MEMORY CARE,** | § § § § | Removed from the 17th Judicial District Court of Tarrant County, Texas; Cause No. 017-322607-20 |
| *Defendant.* | § | |

### DEFENDANT'S INDEX OF MATTERS BEING FILED

1. Exhibit A — Index of all documents that clearly identifies each document and indicates the date the document was filed in state court;

2. Exhibit B—Copy of the docket sheet in the State Court Action;

3. Exhibit C—Each document filed in the State Court Action, except discovery material; and

4. Exhibit D—Separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e).