**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LANDY METAYER,** | § | |
| | § | **CIVIL ACTION NO.:** |
| *Plaintiff,* | § | |
| | § | _____ |
| **vs.** | § | |
| | § | |
| **LEGEND SENIOR LIVING, LLC** | § | **Removed from the 17ᵗʰ Judicial** |
| **D/B/A MEADOWOOD ASSISTED** | § | **District Court of Tarrant County,** |
| **LIVING & MEMORY CARE,** | § | **Texas; Cause No. 017-322607-20** |
| | § | |
| *Defendant.* | | |

# EXHIBIT C

---

## ALL DOCUMENTS FILED IN STATE COURT, EXCEPT DISCOVERY MATERIAL

---

| **Exhibit No.** | **Document Description** | **Date Filed** |
|---|---|---|
| C-1 | Plaintiff's Original Petition | 12/31/2020 |
| C-2 | Citation (with Plaintiff's Original Petition Attached) | 01/04/2021 |

# EXHIBIT C-1

FILED
TARRANT COUNTY
12/31/2020 3:47 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. _____
017-322607-20

| | | |
|---|---|---|
| **LANDY METAYER,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **TARRANT COUNTY, TEXAS** |
| **LEGEND SENIOR LIVING, LLC D/B/A** | § | |
| **MEADOWOOD ASSISTED LIVING &** | § | |
| **MEMORY CARE,** | § | |
| | § | |
| **Defendant.** | § | **\_\_\_\_\_ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

### I.

## INTRODUCTION

Landy Metayer ("Plaintiff") files this Original Petition against Legend Senior Living, LLC d/b/a Meadowood Assisted Living & Memory Care ("Defendant").

### II.

## DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

### III.

## PARTIES

2.      Plaintiff is an individual and a citizen of Tarrant County, Texas. The last three numbers of her social security number are 404 and the last three numbers of her Florida driver's license are 110.

3.      Defendant is a limited liability company organized under the laws of the state of Kansas with its principal place of business located at 8415 E. 21st Street N., Suite 100, Wichita, Kansas 67206. Defendant may be served with process, including citation and a copy of this

lawsuit, by serving Defendant's registered agent for service of process, Cowles & Thompson, P.C., 901 Main Street, Suite 3900, Dallas, Texas 75202.

**IV.**

**JURISDICTION**

4.      The Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of the Court.

5.      Plaintiff seeks monetary relief over $1,000,000.00.

**V.**

**VENUE**

6.      Venue is proper in Tarrant County because all or a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Tarrant County.[1]

**VI.**

**BACKGROUND FACTS**

7.      Plaintiff worked for Defendant from on or about October 15, 2019 until she was constructively discharged on May 11, 2020.

8.      Plaintiff immigrated from Haiti in 2015, and her native language is French. During Plaintiff's employment with Defendant, she was a victim of harassment and discrimination based on her nationality, race, and color. Plaintiff was also threatened and berated by Defendant's staff because of her accent. Defendant and its staff made comments that Plaintiff belonged in the kitchen, despite her nursing experience. Plaintiff's complaints about incidents of discrimination were ignored by management, and the mistreatment escalated after she made complaints about the discrimination.

---

[1] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

9.      In January 2020, another employee, Kimberely, pushed Plaintiff. When Plaintiff confronted her, Kimberely pointed at and mocked Plaintiff's dark skin and insinuated that Kimberely's is better because her skin is white. Plaintiff reported the incident to Alice, her supervisor, because Paula was out of the office, but nothing was done and Kimberely was not disciplined.

10.     In March 2020, a resident tried to choke Plaintiff with her own necklace. Defendant suspended Plaintiff for three days without pay for that incident, despite the fact that she was in no way at fault for the attack on her.

11.     In April 2020, a resident with the habit of grabbing food off of the food cart became upset and punched Plaintiff in the back because she did not allow the resident to take food from the cart. Paula overheard Plaintiff telling the resident to leave her alone and asked Plaintiff to whom she was talking. Plaintiff explained the situation, but Paula wrote her up.

12.     Plaintiff was then assigned to light duty due to an injury, and Bizola, another employee, verbally attacked Plaintiff saying that Plaintiff was dumb because she did not speak perfect English and claimed that Plaintiff did not know what she was doing in the nursing field. Bizola told Plaintiff that she should not be working in her area, in which Plaintiff was assigned. Bizola also told Plaintiff that she would report her to the state if she did not quit her job. Plaintiff reported this incident to Paula, but, like the other reports Plaintiff made of discrimination, nothing was done.

13.     Plaintiff also reported the discrimination and harassment to the corporate office, but they also did nothing. The harassment, discrimination, and retaliation became so pervasive and intolerable that Plaintiff was forced to resign from her employment on May 11, 2020.

**VII.**

**CONDITIONS PRECEDENT**

14.     Plaintiff filed the attached Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was dual filed with the Texas Workforce Commission pursuant to those agencies' work sharing agreement.

15.     The Charge was filed within 180 days after Plaintiff was constructively discharged.

16.     More than 180 days have passed since the Charge was filed and no action has been taken.

17.     Plaintiff has timely exhausted all of her administrative remedies.

**VIII.**

**CAUSES OF ACTION**

**A.     Cause of Action—Discrimination—TCHRA**

18.     Plaintiff incorporates each of the foregoing paragraphs.

19.     Defendant discriminated against Plaintiff because of her race, color, and national origin.

20.     Defendant's actions violated section 21.051 of the Texas Labor Code.

**B.     Cause of Action—Wrongful Termination—Discrimination—TCHRA**

21.     Plaintiff incorporates each of the foregoing paragraphs.

22.     Defendant constructively discharged Plaintiff's employment because of her race, color, and national origin.

23.     Defendant's actions violated section 21.051 of the Texas Labor Code.

**C.     Cause of Action—Unlawful Retaliation—TCHRA**

24.     Plaintiff incorporates each of the foregoing paragraphs.

25.     Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055.

26.     In response, Defendant retaliated against Plaintiff and ultimately constructively discharged her employment.

27.     Defendant's actions violated section 21.055 of the Texas Labor Code.

## IX.

## DAMAGES

28.     Plaintiff incorporates each of the foregoing paragraphs.

29.     Defendant's actions violated the TCHRA, which entitles Plaintiff to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

30.     Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant punitive damages.

31.     Plaintiff seeks all damages available to her under the TCHRA.

32.     Because Defendant's actions were done with actual malice, Plaintiff is entitled to recover punitive damages from Defendant.

33.     Plaintiff seeks all damages available to her under the Texas Anti-Retaliation Statute.

## X.

## ATTORNEYS' FEES AND COSTS

34.     Plaintiff incorporates each of the foregoing paragraphs.

35.     Plaintiff retained the services of undersigned counsel to prosecute her claims.

36.     Pursuant to Texas Labor Code section 21.259, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

## XI.

## INJUNCTIVE AND DECLARATORY RELIEF

37.     Plaintiff incorporates each of the foregoing paragraphs.

38.     Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

    a.     Prohibiting Defendant from engaging in unlawful discrimination;

    b.     Reinstating Plaintiff's employment with Defendant with backpay;

    c.     Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    d.     Paying court costs;

    e.     A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in constructively discharging Plaintiff's employment; and

    f.     Any additional equitable relief the Court deems proper.

## XII.

## RESPONDEAT SUPERIOR

39.     Plaintiff incorporates each of the foregoing paragraphs.

40.     Defendant is liable for the acts and/or omissions of its respective agents, representatives, employees, servants, and officers.

## XIII.

## REQUEST FOR DISCLOSURE

41.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant disclose and produce to Plaintiff's counsel within 50 days of the service of this request, the information or material described in Rule 194.2.

## XIV.

## PRESERVATION OF EVIDENCE

42.     The Defendant is hereby given notice  that any document or other material, including electronically stored information that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## XV.

## NOTICE PURSUANT TO RULE 193.7

43.     Plaintiff provides notice to Defendant pursuant to Rule 193.7 of the Texas  Rules of Civil Procedure that Plaintiff may utilize as evidence during the trial of this lawsuit all documents exchanged by the parties in written discovery in this case.

## XVI.

## JURY DEMAND

44.     Plaintiff demands a trial by jury.

## XVII.

## PRAYER

45.     Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

A.      Back pay and front pay (including benefits);

B.      Compensatory damages;

C.      Punitive damages;

D.      Reasonable attorneys' fees and expert fees;

E.      Injunctive and declaratory relief, including but not limited to, an Order:

      a.      Prohibiting Defendant from engaging in unlawful discrimination;

      b.      Reinstating Plaintiff's employment with Defendant with backpay;

      c.      Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

      d.      Paying court costs;

      e.      A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in constructively discharging Plaintiff's employment; and

      f.      Any additional equitable relief the Court deems proper;

F.      Court costs;

G.      Pre-judgment and post-judgment interest at the rate set by law; and

H.      All legal or equitable relief this Court deems proper.

Respectfully submitted,

*/s/ Jamie J. Gilmore*
Jamie J. Gilmore
State Bar No. 24045262
jgilmore@galyen.com
Brittney L. Thompson
State Bar No. 24104618
bthompson@galyen.com
**BAILEY & GALYEN**
1300 Summit Avenue, Suite 650
Fort Worth, Texas 76102
Telephone: 817-276-6000
Facsimile: 817-276-6010
**ATTORNEYS FOR PLAINTIFF**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 450-2020-04675 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Landy Metayer** | ███ | ███ |

| Street Address | City, State and ZIP Code |
|---|---|
| ███ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **Meadowood Assisted Living & Memory Care** | **30+** | **817-275-6100** |

| Street Address | City, State and ZIP Code |
|---|---|
| **4545 Merlot Ave., Grapevine, TX 76051** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN

☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **January 2020**  Latest: **05.08.20**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**Personal Harm:**

I immigrated from Haiti in 2015, and my native language is French. In Haiti I received my nursing degree, and when I came to America, I found employment with Meadowood Assisted Living & Memory Care. During my employment there, I have been a victim of harassment and discrimination based on my nationality, race, and color. I am threatened and berated because of my accent. Even though I have nursing experience, my employer and the staff have made comments that I belong in the kitchen. I have complained about incidents of discrimination at my workplace and management has ignored me and the behavior has escalated.

In January 2020, another employee, Kimberely, pushed me, and when I confronted her, she pointed at my skin and said it was different than her skin because Kimberely is white. I reported the incident to Paula, my supervisor, but nothing was done and Kimberely was not disciplined. In March 2020, a resident tried to choke me with my own necklace, and I was suspended by my employer for three days without pay. In April 2020, a resident with the habit of grabbing food off of the food cart became upset and punched me in the back when I did not allow her to have a potato. I told her to leave me alone, and Paula overheard and asked me who I was talking to and wrote me up. I was assigned to light duty because of my injury, and Bizola, another employee, attacked me saying that I was dumb and didn't know what I was

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT *Landy Metayer* |
| 06/02/2020     *Landy Metayer* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date          Charging Party Signature | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | |

**Texas Workforce Commission Civil Rights Division**                          and EEOC

*State or local Agency, if any*

doing. Bizola said Paula told her about the things she did to me, and that I should not be working in her area or else she would report me to the state if I did not quit my job. I reported this incident to Paula but nothing was done.

I also reported the discrimination and harassment to the corporate office, but they also did nothing.  The harassment, discrimination, and retaliation became so pervasive and intolerable that I was forced to resign from my employment on May 11, 2020.

**Respondent's Reason for Adverse Action:**
None.

**Discrimination Statement:**
I have been discriminated against and harassed because of my race (Black), color (Black), and national origin (Haiti) in violation of Title VII of the Civil Rights Act of 1964, as amended, and Texas Commission on Human Rights Act.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 06/02/2020          *Lovely McEnger*  |  *Lovely McEnger* SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |
| *Date*                   *Charging Party Signature* | |

# EXHIBIT C-2

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY   *EMHPSC4418*

*CITATION*                    Cause No. 017-322607-20

1|7|21

LANDY METAYER
VS.
LEGEND SENIOR LIVING, LLC

## TO: LEGEND SENIOR LIVING LLC

D/B/A MEADOWOOD ASSISTED LIVING & MEMORY CARE      B/S REG AGENT-COWLES & THOMPSON PC 901 MAIN ST STE 3900 DALLAS, TX 75202-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 17th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

LANDY METAYER

Filed in said Court on December 31st, 2020 Against
LEGEND SENIOR LIVING LLC, D/B/A MEADOWOOD ASSISTED LIVING & MEMORY CARE

For suit, said suit being numbered 017-322607-20 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

JAMIE J GILMORE
Attorney for LANDY METAYER Phone No. (817)276-6000
Address    1300 SUMMIT AVE STE 650 FORT WORTH, TX 76102

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 4th day of January, 2021.

By Tamara Colacino
TAMARA COLACINO

A CERTIFIED COPY
ATTEST: 01/04/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Tamara Colacino

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
    Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN *01732260720000003*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
    County of _____ State of_____ By _____ Deputy
Fees $_____    _____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                         _____
    County of _____, State of _____

*CITATION*

Cause No. 017-322607-20

LANDY METAYER

VS.

LEGEND SENIOR LIVING, LLC

ISSUED

This 4th day of January, 2021

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By        TAMARA COLACINO Deputy

JAMIE J GILMORE
Attorney for: LANDY METAYER
Phone No. (817)276-6000
ADDRESS: 1300 SUMMIT AVE STE 650

FORT WORTH, TX 76102

*CIVIL LAW*



*017322607200000003*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

A CERTIFIED COPY
ATTEST: 01/04/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Tamara Colacino

FILED
TARRANT COUNTY
12/31/2020 3:47 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 017-322607-20 _____

| | | |
|---|---|---|
| **LANDY METAYER,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **TARRANT COUNTY, TEXAS** |
| **LEGEND SENIOR LIVING, LLC D/B/A** | § | |
| **MEADOWOOD ASSISTED LIVING &** | § | |
| **MEMORY CARE,** | § | |
| | § | |
| **Defendant.** | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

#### I.

### INTRODUCTION

Landy Metayer ("Plaintiff") files this Original Petition against Legend Senior Living, LLC d/b/a Meadowood Assisted Living & Memory Care ("Defendant").

#### II.

### DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

#### III.

### PARTIES

2.     Plaintiff is an individual and a citizen of Tarrant County, Texas. The last three numbers of her social security number are 404 and the last three numbers of her Florida driver's license are 110.

3.     Defendant is a limited liability company organized under the laws of the state of Kansas with its principal place of business located at 8415 E. 21st Street N., Suite 100, Wichita, Kansas 67206. Defendant may be served with process, including citation and a copy of this

---

Plaintiff's Original Petition                                                                                          Page 1

lawsuit, by serving Defendant's registered agent for service of process, Cowles & Thompson, P.C., 901 Main Street, Suite 3900, Dallas, Texas 75202.

**IV.**

**JURISDICTION**

4.      The Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of the Court.

5.      Plaintiff seeks monetary relief over $1,000,000.00.

**V.**

**VENUE**

6.      Venue is proper in Tarrant County because all or a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Tarrant County.[1]

**VI.**

**BACKGROUND FACTS**

7.      Plaintiff worked for Defendant from on or about October 15, 2019 until she was constructively discharged on May 11, 2020.

8.      Plaintiff immigrated from Haiti in 2015, and her native language is French. During Plaintiff's employment with Defendant, she was a victim of harassment and discrimination based on her nationality, race, and color. Plaintiff was also threatened and berated by Defendant's staff because of her accent. Defendant and its staff made comments that Plaintiff belonged in the kitchen, despite her nursing experience. Plaintiff's complaints about incidents of discrimination were ignored by management, and the mistreatment escalated after she made complaints about the discrimination.

---

[1] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

9.     In January 2020, another employee, Kimberely, pushed Plaintiff. When Plaintiff confronted her, Kimberely pointed at and mocked Plaintiff's dark skin and insinuated that Kimberely's is better because her skin is white. Plaintiff reported the incident to Alice, her supervisor, because Paula was out of the office, but nothing was done and Kimberely was not disciplined.

10.     In March 2020, a resident tried to choke Plaintiff with her own necklace. Defendant suspended Plaintiff for three days without pay for that incident, despite the fact that she was in no way at fault for the attack on her.

11.     In April 2020, a resident with the habit of grabbing food off of the food cart became upset and punched Plaintiff in the back because she did not allow the resident to take food from the cart. Paula overheard Plaintiff telling the resident to leave her alone and asked Plaintiff to whom she was talking. Plaintiff explained the situation, but Paula wrote her up.

12.     Plaintiff was then assigned to light duty due to an injury, and Bizola, another employee, verbally attacked Plaintiff saying that Plaintiff was dumb because she did not speak perfect English and claimed that Plaintiff did not know what she was doing in the nursing field. Bizola told Plaintiff that she should not be working in her area, in which Plaintiff was assigned. Bizola also told Plaintiff that she would report her to the state if she did not quit her job. Plaintiff reported this incident to Paula, but, like the other reports Plaintiff made of discrimination, nothing was done.

13.     Plaintiff also reported the discrimination and harassment to the corporate office, but they also did nothing. The harassment, discrimination, and retaliation became so pervasive and intolerable that Plaintiff was forced to resign from her employment on May 11, 2020.

## VII.

### CONDITIONS PRECEDENT

14.     Plaintiff filed the attached Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was dual filed with the Texas Workforce Commission pursuant to those agencies' work sharing agreement.

15.     The Charge was filed within 180 days after Plaintiff was constructively discharged.

16.     More than 180 days have passed since the Charge was filed and no action has been taken.

17.     Plaintiff has timely exhausted all of her administrative remedies.

## VIII.

### CAUSES OF ACTION

**A.      Cause of Action—Discrimination—TCHRA**

18.     Plaintiff incorporates each of the foregoing paragraphs.

19.     Defendant discriminated against Plaintiff because of her race, color, and national origin.

20.     Defendant's actions violated section 21.051 of the Texas Labor Code.

**B.      Cause of Action—Wrongful Termination—Discrimination—TCHRA**

21.     Plaintiff incorporates each of the foregoing paragraphs.

22.     Defendant constructively discharged Plaintiff's employment because of her race, color, and national origin.

23.     Defendant's actions violated section 21.051 of the Texas Labor Code.

**C.      Cause of Action—Unlawful Retaliation—TCHRA**

24.     Plaintiff incorporates each of the foregoing paragraphs.

25.     Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055.

26.     In response, Defendant retaliated against Plaintiff and ultimately constructively discharged her employment.

27.     Defendant's actions violated section 21.055 of the Texas Labor Code.

## IX.

### DAMAGES

28.     Plaintiff incorporates each of the foregoing paragraphs.

29.     Defendant's actions violated the TCHRA, which entitles Plaintiff to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

30.     Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant punitive damages.

31.     Plaintiff seeks all damages available to her under the TCHRA.

32.     Because Defendant's actions were done with actual malice, Plaintiff is entitled to recover punitive damages from Defendant.

33.     Plaintiff seeks all damages available to her under the Texas Anti-Retaliation Statute.

## X.

### ATTORNEYS' FEES AND COSTS

34.     Plaintiff incorporates each of the foregoing paragraphs.

35.     Plaintiff retained the services of undersigned counsel to prosecute her claims.

36.     Pursuant to Texas Labor Code section 21.259, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

## XI.

### INJUNCTIVE AND DECLARATORY RELIEF

37.     Plaintiff incorporates each of the foregoing paragraphs.

38.     Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

   a.     Prohibiting Defendant from engaging in unlawful discrimination;

   b.     Reinstating Plaintiff's employment with Defendant with backpay;

   c.     Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

   d.     Paying court costs;

   e.     A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in constructively discharging Plaintiff's employment; and

   f.     Any additional equitable relief the Court deems proper.

## XII.

### RESPONDEAT SUPERIOR

39.     Plaintiff incorporates each of the foregoing paragraphs.

40.     Defendant is liable for the acts and/or omissions of its respective agents, representatives, employees, servants, and officers.

## XIII.

### REQUEST FOR DISCLOSURE

41.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant disclose and produce to Plaintiff's counsel within 50 days of the service of this request, the information or material described in Rule 194.2.

## XIV.

### PRESERVATION OF EVIDENCE

42.     The Defendant is hereby given notice that any document or other material, including electronically stored information that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## XV.

### NOTICE PURSUANT TO RULE 193.7

43.     Plaintiff provides notice to Defendant pursuant to Rule 193.7 of the Texas Rules of Civil Procedure that Plaintiff may utilize as evidence during the trial of this lawsuit all documents exchanged by the parties in written discovery in this case.

## XVI.

### JURY DEMAND

44.     Plaintiff demands a trial by jury.

## XVII.

### PRAYER

45.     Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

A.     Back pay and front pay (including benefits);

B.     Compensatory damages;

C.   Punitive damages;

D.   Reasonable attorneys' fees and expert fees;

E.   Injunctive and declaratory relief, including but not limited to, an Order:

    a.   Prohibiting Defendant from engaging in unlawful discrimination;

    b.   Reinstating Plaintiff's employment with Defendant with backpay;

    c.   Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    d.   Paying court costs;

    e.   A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in constructively discharging Plaintiff's employment; and

    f.   Any additional equitable relief the Court deems proper;

F.   Court costs;

G.   Pre-judgment and post-judgment interest at the rate set by law; and

H.   All legal or equitable relief this Court deems proper.

Respectfully submitted,

*/s/ Jamie J. Gilmore*
Jamie J. Gilmore
State Bar No. 24045262
jgilmore@galyen.com
Brittney L. Thompson
State Bar No. 24104618
bthompson@galyen.com
**BAILEY & GALYEN**
1300 Summit Avenue, Suite 650
Fort Worth, Texas 76102
Telephone: 817-276-6000
Facsimile: 817-276-6010
**ATTORNEYS FOR PLAINTIFF**

EEOC Rec'd  06/02/2020

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 450-2020-04675 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Landy Metayer** | ▮▮▮▮▮▮ | ▮▮▮▮▮▮ |

| Street Address | City, State and ZIP Code |
|---|---|
| ▮▮▮▮▮▮▮▮ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **Meadowood Assisted Living & Memory Care** | **30+** | **817-275-6100** |

| Street Address | City, State and ZIP Code |
|---|---|
| **4545 Merlot Ave., Grapevine, TX 76051** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **January 2020**    Latest **05.08.20**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**Personal Harm:**
I immigrated from Haiti in 2015, and my native language is French. In Haiti I received my nursing degree, and when I came to America, I found employment with Meadowood Assisted Living & Memory Care. During my employment there, I have been a victim of harassment and discrimination based on my nationality, race, and color. I am threatened and berated because of my accent. Even though I have nursing experience, my employer and the staff have made comments that I belong in the kitchen. I have complained about incidents of discrimination at my workplace and management has ignored me and the behavior has escalated.

In January 2020, another employee, Kimberely, pushed me, and when I confronted her, she pointed at my skin and said it was different than her skin because Kimberely is white. I reported the incident to Paula, my supervisor, but nothing was done and Kimberely was not disciplined. In March 2020, a resident tried to choke me with my own necklace, and I was suspended by my employer for three days without pay. In April 2020, a resident with the habit of grabbing food off of the food cart became upset and punched me in the back when I did not allow her to have a potato. I told her to leave me alone, and Paula overheard and asked me who I was talking to and wrote me up. I was assigned to light duty because of my injury, and Bizola, another employee, attacked me saying that I was dumb and didn't know what I was

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>*Landy McTayer*<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| 06/02/2020          *Landy McTayer*<br>Date          Charging Party Signature | |

EEOC Rec'd  06/02/2020

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

**Texas Workforce Commission Civil Rights Division** and EEOC

*State or local Agency, if any*

doing. Bizola said Paula told her about the things she did to me, and that I should not be working in her area or else she would report me to the state if I did not quit my job. I reported this incident to Paula but nothing was done.

I also reported the discrimination and harassment to the corporate office, but they also did nothing.  The harassment, discrimination, and retaliation became so pervasive and intolerable that I was forced to resign from my employment on May 11, 2020.

**Respondent's Reason for Adverse Action:**
None.

**Discrimination Statement:**
I have been discriminated against and harassed because of my race (Black), color (Black), and national origin (Haiti) in violation of Title VII of the Civil Rights Act of 1964, as amended, and Texas Commission on Human Rights Act.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>*Landy McCayer* |
| 06/02/2020         *Landy McCayer*<br>_____  _____<br>Date          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

CAUSE NO. 017-322607-20

| | | |
|---|---|---|
| LANDY METAYER, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | **TARRANT COUNTY, TEXAS** |
| LEGEND SENIOR LIVING, LLC D/B/A | § | |
| MEADOWOOD ASSISTED LIVING & | § | |
| MEMORY CARE, | § | |
| | § | |
| **Defendant.** | § | **17th JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

### I.

### INTRODUCTION

Plaintiff serves these First Interrogatories on Defendant Legend Senior Living, LLC d/b/a Meadowood Assisted Living & Memory Care.

### II.

### DEFINITIONS AND INSTRUCTIONS

**A.     Definitions**

As used in these Interrogatories, the following words have the designated meanings. For purposes of interpreting or construing the scope of this discovery, these words shall be given their most expansive and inclusive interpretation unless otherwise specifically limited by the language of an individual Interrogatory. This includes, but is not limited to, the following.

1.     "Communication" means a transfer of information, written or oral, by any means whatsoever, including, but not limited to, any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including: agreements, consultations, conversations, correspondence, dialogues, discussions, interviews, and any and all other understandings, among two or more persons.

2.     "Person" includes natural persons, male or female, groups of natural persons acting in a joint capacity (e.g., committee or council), and all other

types of businesses or other entities, including, but not limited to, associations, corporations, partnerships, sole proprietorships, joint ventures, and any other incorporated or unincorporated business, governmental, public or legal entity. A reference to a person shall also include, when applicable, its subsidiaries, controlled persons, controlling persons, shareholders, officers, directors, employees, agents, or other such persons, agents, or representatives acting or purporting to act on its behalf.

3.    "Identify," "identification," or "identity," or any form of these words mean the following:

    a.    With respect to a document, state the full name, address, and telephone number of the author, the full name, address, and telephone number of the person for whom the document was generated or to whom it was addressed, the date of generation of the document and a brief summary of its contents, including the number of pages of the document and its present location and custodian;

    b.    With respect to a person or natural individual, state his or her full legal name (first, last, and middle), any nicknames or other names by which the individual is referred, home and business addresses, and home and business telephone numbers;

    c.    With respect to a corporation, state the full corporate name and any names under which it does business, its state of incorporation, the address of its principal place of business and the addresses of all of its offices;

    d.    With respect to a business, state the full name or style under which the business is conducted, its business address or addresses, the types of businesses in which it is engaged, the geographical areas in which it conducts those businesses, the identity of the person or persons who own, operate or control the businesses;

    e.    With respect to a lawsuit, state the name or names of the plaintiff(s) and defendant(s), the cause number assigned to the action by the court, and the court in which the lawsuit was filed;

    f.    With respect to a communication, state the person or persons transmitting the information, the person or persons receiving the information, the general description of the information transmitted, the form in which the information was transmitted and the approximate date of the information transfer, and if any part of the communication is written, identify the document or documents which refer or evidence the communication.

4.    "And" means "and/or" and the word "or" means "and/or."

5.      "Any" means "any and all" and the word "each" means "each and every."

6.      "This litigation," "this lawsuit," "this case," and/or "Lawsuit" mean the above-styled and numbered cause.

7.      "Evidence," "evidencing," "relate," "relating," "pertain," "pertaining," "concern," "concerning," "reflect," or "reflecting" mean tending to show, having a relationship to, pertaining to, evidencing or constituting evidence of, the existence or nonexistence of any matter or fact.

8.      "You," "your," and "Defendant" mean the named defendant in the above styled and numbered cause, and includes any of its representatives or agents, whether past or present, including attorneys and/or any other individuals or entities acting for or on Defendant's behalf.

9.      "Plaintiff" means the named plaintiff in the above styled and numbered cause, and includes any of Plaintiff's agents or representative, whether past or present, including attorneys and/or any other individuals or entities acting for or on Plaintiff's behalf.

10.     "Petition" means Plaintiff's original and all amended petitions filed and served in this action in connection with the above-captioned Lawsuit.

11.     "Possession," "custody," or "control" mean that the person either has physical possession of the item or has a right to possession of the item that is equal or superior to the person who has physical possession of the item.

12.     "Person with knowledge of relevant facts" mean any person who has or may have knowledge of any discoverable matter. The person need not have admissible information or personal knowledge of the facts.

13.     "Writings and recordings" mean, but are not limited to, letters, words, or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photocopying, magnetic impulse, mechanical or electronic recording, or other form of data compilation. The phrase refers to both originals and all duplicates, whether in your possession, custody, control, or known by you to exist.

14.     "Photographs" means, but is not limited to, still photographs, x-rays, films, videotapes, and motion pictures. The word refers to originals and duplicates, whether in your possession, custody, or control, or that you know exist.

15.     "With respect to" mean with regard to, respecting or concerning, to bring into or establish by association or relation, either direct or indirect, includes concerning, connected with, discussing, describing, evidencing, regarding, commenting on, alluding to, pertaining to, or responding to.

16. "Document" or "documents" are used in the broadest sense and include, but are not limited to, the original or a copy, if the original is not available, of every written, printed, typed, recorded, reported graphic record of material, including every draft and/or nonidentical copy thereof, of every tape transcription that is in the actual constructive possession, custody, care or control of Defendant or Defendant's attorneys, including, but not limited to, all agreements, communications, contracts, correspondence, letters, notes, memoranda, proposed contracts or agreements, whether or not actually consummated, reports, logs, studies, summaries, agendas, bulletins, notices, announcements, instructions, charts, manuals, graphs, photographs, brochures, publications, books, minutes, including minutes of board of directors meetings and executive meetings, partnership meetings and management, executive partnership committee meetings, computer print-outs, schedules, drawings, tape or other voice records, videotapes, simulations, intra-company and inter-company memoranda, newspaper articles, magazines and other publications, telegrams, purchase orders, lists, proposals, invoices, plans, specifications, addendum, statements, receipts, confirmation slips, evidence of payments, bills, diaries, calendars, bills of lading, canceled checks and any copy of a document bearing notations, markings and writings of any kind or nature different from the original.

17. "Witness statement" means a written statement signed or otherwise adopted or approved in writing by the person making it, or a stenographic, mechanical, electrical, or other type of recording on a witness's oral statement, or any verbatim transcription of such a recording, regardless of when the statement was made.

18. "Personnel file" means any file, folder, or collection of documents kept on an employee by Defendant's human resources department, and includes, but is not is not limited to, employment applications, employment reviews, I-9 forms, and any similar documents. "Personnel file" does NOT include medical information or protected health information.

19. "Relationship" refers to any relationship, arrangement, relation, affiliation, alliance, association, or affiliated companies.

20. "Testifying expert" mean an expert who may be called to testify as an expert witness at trial.

21. "Consulting expert" means an expert who has been consulted, retained, or specially employed by you or your attorney in anticipation of litigation or in preparation for trial, but who is not a testifying expert.

**B.      Instructions**

1.      Defendant must answer these Interrogatories using all information available to Defendant by furnishing a full and separate written answer under oath, served on Plaintiff's counsel of record, Jamie J. Gilmore at Bailey & Galyen, 1300 Summit Avenue, Suite 650, Fort Worth, Texas 76102, within fifty calendar days of service.

2.      If you learn that your response was incomplete or incorrect when made, or, although complete and correct when made, is no longer complete and correct, you must amend or supplement your response to the extent that the discovery sought the identification of persons with knowledge of relevant facts, trial witnesses, or expert witnesses, and, to the extent that the discovery sought other information, unless the additional corrected information has been made known to the parties in writing, on the record at a deposition, or through other discovery responses.

3.      An amended or supplemental response must be made reasonably promptly after you discover the necessity for such a response.

4.      In answering these Interrogatories, you are required to set forth each responsive fact, circumstance, act, omission, course of conduct, whether or not admissible in evidence at trial, known to you or about which you have or have had information that is or will be the basis for any contention made by you with respect to this Lawsuit.

5.      If you claim that material or information responsive to these Interrogatories is privileged, you must state:

   a.      that the information or material responsive to these Interrogatories has been withheld;

   b.      the Interrogatory to which the information or material relates; and

   c.      the privilege or privileges asserted.

6.      If you object to any Interrogatory, you must comply with as much of the Interrogatory to which you have made no objection.

7.      Unless otherwise stated, requests to provide information pertain to this Lawsuit (as defined).

## III.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify every person answering these Interrogatories or supplying information responsive to these Interrogatories.

### ANSWER:

### INTERROGATORY NO. 2:

State why Plaintiff's employment was separated.

### ANSWER:

### INTERROGATORY NO. 3:

Identify every person involved in the decision to discipline Plaintiff in March 2020 and April 2020, including anyone who had to sign off on or approve of the decision, and for each, identify any charge of discrimination, internal or external complaint of discriminatory treatment, or similar allegation made **against them** by any other employee.

### ANSWER:

### INTERROGATORY NO. 4:

Identify every person Defendant interviewed, consulted, etc., about the facts that led to Plaintiff's disciplinary action in March and April 2020, and for each, identify any charge of discrimination, internal or external complaint of discriminatory treatment, or similar allegation made **against them** by any other employee.

### ANSWER:

### INTERROGATORY NO. 5:

Identify any employee who engaged in the same or similar conduct that led to disciplinary action against Plaintiff in March 2020 and April 2020, and for each, (a) state

the discipline, if any, the employee received, (b) state the reasons for the discipline given, or the reasons no discipline was given, to the employee, (c) identify the persons involved in the decision to discipline, or not discipline, the employee, and (d) identify any employee who was interviewed or consulted about the underlying incident.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify every employee whose employment Defendant terminated in the past five years and state the reasons for their termination.

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify all members of your human resources department.

**ANSWER:**

**INTERROGATORY NO. 8:**

Identify any person who (a) interviewed Plaintiff for employment with Defendant, and/or (b) was involved in the decision to offer Plaintiff employment with Defendant.

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify (by name, age, sex, gender, color, race, and disability status) the person who replaced Plaintiff, and identify all persons involved in that decision or, if you contend Plaintiff was not replaced, identify all persons who assumed Plaintiff's job responsibilities.

**ANSWER:**

**INTERROGATORY NO. 10:**

Identify every charge of discrimination and/or lawsuit filed against Defendant in the past ten years where the plaintiff alleged the same or similar type of discrimination or asserted the same causes of action as those alleged and asserted by Plaintiff in this action.

**ANSWER:**

**INTERROGATORY NO. 11:**

State the compensation Defendant paid to Plaintiff for each year Plaintiff worked for Defendant.

**ANSWER:**

**INTERROGATORY NO. 12:**

State (a) Plaintiff's annual salary or hourly wage at the time Plaintiff's employment was separated, and (b) as of the date Plaintiff's employment was separated, the monthly value, in dollars, of all fringe benefits available to and elected by Plaintiff (this includes, but is not limited to, health insurance, dental insurance, life insurance, disability insurance, defined benefit or defined contribution retirement plans, flexible spending accounts, etc.). You do not need to include any dollar amount for benefits available to, but not elected by, Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 13:**

Describe all action taken by Defendant following Plaintiff's complaints to the corporate office of discrimination and harassment.

**ANSWER:**

Respectfully submitted,


*/s/ Jamie J. Gilmore*
Jamie J. Gilmore
State Bar No. 24045262
jgilmore@galyen.com
Brittney L. Thompson
State Bar No. 24104618
bthompson@galyen.com
**BAILEY & GALYEN**
1300 Summit Avenue, Suite 650
Fort Worth, Texas 76102
Telephone: 817-276-6000
Facsimile: 817-276-6010
**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. 017-322607-20

| | | |
|---|---|---|
| **LANDY METAYER,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **TARRANT COUNTY, TEXAS** |
| **LEGEND SENIOR LIVING, LLC D/B/A** | § | |
| **MEADOWOOD ASSISTED LIVING &** | § | |
| **MEMORY CARE,** | § | |
| | § | |
| **Defendant.** | § | **17ᵗʰ JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT

### I.

### INTRODUCTION

Plaintiff serves these First Requests for Admissions on Defendant Legend Senior Living, LLC d/b/a Meadowood Assisted Living & Memory Care.

### II.

### DEFINITIONS AND INSTRUCTIONS

**A.     Definitions**

As used in these Requests, the following words have the designated meanings. For purposes of interpreting or construing the scope of this discovery, these words shall be given their most expansive and inclusive interpretation unless otherwise specifically limited by the language of an individual Request. This includes, but is not limited to, the following.

1.     "And" means "and/or" and the word "or" means "and/or."

2.     "Any" means "any and all" and the word "each" means "each and every."

3.     "This litigation," "this lawsuit," "this case," and/or "Lawsuit" mean the above-styled and numbered cause.

4.     "Evidence," "evidencing," "relate," "relating," "pertain," "pertaining," "concern," "concerning," "reflect," or "reflecting" mean tending to show,

having a relationship to, pertaining to, evidencing or constituting evidence of, the existence or nonexistence of any matter or fact.

5.   "You," "your," and "Defendant" mean the named defendant in the above styled and numbered cause, and includes any of its agents or representatives, whether past or present, including attorneys and/or any other individuals or entities acting for or on Defendant's behalf.

6.   "Plaintiff" means the named plaintiff in the above styled and numbered cause, and includes any of Plaintiff's agents or representative, whether past or present, including attorneys and/or any other individuals or entities acting for or on Plaintiff's behalf.

7.   "Petition" means Plaintiff's original and all amended petitions filed and served in this action in connection with the above-captioned Lawsuit.

**B.   Instructions**

1.   Defendant must answer these Requests and serve responses on Plaintiff's counsel of record, Jamie J. Gilmore at Bailey & Galyen, 1300 Summit Avenue, Suite 650, Fort Worth, Texas 76102, within fifty calendar days of service.

2.   In answering these Requests, you are required to admit the truth of any matter within the scope of discovery, including statements of opinion or of fact or of the application of law to fact. You are required to admit the genuineness of any documents served with these Requests. TEX. R. CIV. P. 198.1

3.   If you contend you are unable to admit or deny a Request, you must explain in detail the reason or reasons that you cannot admit or deny the Request. TEX. R. CIV. P. 198.2(b).

4.   Your responses must fairly meet the substance of the Request. TEX. R. CIV. P. 198.2(b).

5.   You are permitted to qualify an answer to these Requests, or deny a Request in part, only when good faith requires. Lack of information or knowledge is not a proper response unless you state that a reasonable inquiry was made but that the information known or easily obtainable is insufficient to enable you to admit or deny the Request. TEX. R. CIV. P. 198.2(b).

6.   It is not a proper objection to a Request that the Request seeks admission or denial of an issue for trial. TEX. R. CIV. P. 198.2(b).

7.   A matter admitted in response to a Request is conclusively established against you unless the court permits you to withdraw or amend the

admission. The court may permit you to withdraw or amend an admission if (a) you show good cause for the withdrawal or amendment, and (b) the court finds that Plaintiff will not be unduly prejudiced, and that the presentation of the merits of the action will be subserved by permitting you to amend or withdraw your response. TEX. R. CIV. P. 198.2(b).

8.   Unless otherwise stated, requests to provide information pertain to this Lawsuit (as defined).

### III.

### REQUESTS

**REQUEST NO. 1:**

Admit you employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

**RESPONSE:**


**REQUEST NO. 2:**

Admit you employed 101 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

**RESPONSE:**


**REQUEST NO. 3:**

Admit you employed 201 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

**RESPONSE:**


**REQUEST NO. 4:**

Admit you employed 501 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

**RESPONSE:**

**REQUEST NO. 5:**

Admit that Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission.

**RESPONSE:**

**REQUEST NO. 6:**

Admit that Plaintiff's charge of discrimination was filed within 180 days of her separation from employment.

**RESPONSE:**

**REQUEST NO. 7:**

Admit that Plaintiff timely exhausted all of her administrative remedies.

**RESPONSE:**

**REQUEST NO. 8:**

Admit that in or around January 2020, Plaintiff reported to Defendant that employee Kimberly [last name unknown] pushed and mocked her about the color of her skin.

**RESPONSE:**

**REQUEST NO. 9:**

Admit that Defendant did not reprimand Kimberly [last name unknown] in relation to Plaintiff's complaint of her.

**RESPONSE:**

**REQUEST NO. 10:**

Admit that in or around March 2020, Plaintiff notified Defendant that one of its residents tried to choke Plaintiff with her necklace.

**RESPONSE:**

**REQUEST NO. 11:**

    Admit that Defendant suspended Plaintiff for three days without pay in relation to the March 2020 incident between Plaintiff and Defendant's resident.

**RESPONSE:**

**REQUEST NO. 12:**

    Admit that in or around April 2020, Defendant reprimanded Plaintiff for telling a resident to leave her alone after being physically assaulted.

**RESPONSE:**

**REQUEST NO. 13:**

    Admit that Plaintiff reported to Defendant (Paula) that Bizola [last name unknown] threatened to report her to the state if she did not quit her job.

**RESPONSE:**

**REQUEST NO. 14:**

    Admit that Plaintiff reported harassment and discrimination to Defendant's corporate office.

**RESPONSE:**

**REQUEST NO. 15:**

    Admit that Defendant did not investigate Plaintiff's claim of harassment and/or discrimination.

**RESPONSE:**

Respectfully submitted,

/s/ Jamie J. Gilmore
Jamie J. Gilmore
State Bar No. 24045262
jgilmore@galyen.com
Brittney L. Thompson
State Bar No. 24104618
bthompson@galyen.com
**BAILEY & GALYEN**
1300 Summit Avenue, Suite 650
Fort Worth, Texas 76102
Telephone: 817-276-6000
Facsimile: 817-276-6010
**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. 017-322607-20

| | | |
|---|---|---|
| LANDY METAYER, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | **TARRANT COUNTY, TEXAS** |
| LEGEND SENIOR LIVING, LLC D/B/A | § | |
| MEADOWOOD ASSISTED LIVING & | § | |
| MEMORY CARE, | § | |
| | § | |
| **Defendant.** | § | **17th JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT

### I.

### INTRODUCTION

Plaintiff serves these First Requests for Production on Defendant Legend Senior Living,

LLC d/b/a Meadowood Assisted Living & Memory Care.

### II.

### DEFINITIONS AND INSTRUCTIONS

A.    **Definitions**

As used in these Requests, the following words have the designated meanings. For

purposes of interpreting or construing the scope of this discovery, these words shall be given

their most expansive and inclusive interpretation unless otherwise specifically limited by the

language of an individual Request. This includes, but is not limited to, the following.

1.    "Communication" means a transfer of information, written or oral, by any
means whatsoever, including, but not limited to, any oral or written
utterance, notation, or statement of any nature whatsoever, by and to
whomsoever made, including agreements, consultations, conversations,
correspondence, dialogues, discussions, interviews, and any and all other
understandings, among two or more persons.

2.    "Person" includes natural persons, male or female, groups of natural
persons acting in a joint capacity (e.g., committee or council), and all other

types of businesses or other entities, including, but not limited to, associations, corporations, partnerships, sole proprietorships, joint ventures, and any other incorporated or unincorporated business, governmental, public, or legal entity. A reference to a person shall also include, when applicable, his or her subsidiaries, controlled persons, controlling persons, shareholders, officers, directors, employees, agents, or other such persons, agents, or representatives acting or purporting to act on his or her behalf.

3. "Identify," "identification," or "identity," or any form of these words mean the following:

    a. With respect to a document, state the full name, address, and telephone number of the author, the full name, address, and telephone number of the person for whom the document was generated or to whom it was addressed, the date of generation of the document and a brief summary of its contents, including the number of pages of the document and its present location and custodian;

    b. With respect to a person or natural individual, state his or her full legal name (first, last, and middle), any nicknames or other names by which the individual is referred, home and business addresses, and home and business telephone numbers;

    c. With respect to a corporation, state the full corporate name and any names under which it does business, its state of incorporation, the address of its principal place of business and the addresses of all of its offices;

    d. With respect to a business, state the full name or style under which the business is conducted, its business address or addresses, the types of businesses in which it is engaged, the geographical areas in which it conducts those businesses, the identity of the person or persons who own, operate, or control the businesses;

    e. With respect to a lawsuit, state the name or names of the plaintiff(s) and defendant(s), the cause number assigned to the action by the court, and the court in which the lawsuit was filed;

    f. With respect to a communication, state the person or persons transmitting the information, the person or persons receiving the information, the general description of the information transmitted, the form in which the information was transmitted and the approximate date of the information transfer, and if any part of the communication is written, identify the document or documents which refer or evidence the communication.

4.  "And" means "and/or" and the word "or" means "and/or."

5.  "Any" means "any and all" and the word "each" means "each and every."

6.  "This litigation," "this lawsuit," "this case," and/or "Lawsuit" mean the above-styled and numbered cause.

7.  "Evidence," "evidencing," "relate," "relating," "pertain," "pertaining," "concern," "concerning," "reflect," or "reflecting" mean tending to show, having a relationship to, pertaining to, evidencing or constituting evidence of, the existence or nonexistence of any matter or fact.

8.  "You," "your," and "Defendant" mean the named defendant in the above styled and numbered cause, and includes any of its representatives or agents, whether past or present, including attorneys and/or any other individuals or entities acting for or on Defendant's behalf.

9.  "Plaintiff" means the named plaintiff in the above styled and numbered cause, and includes any of Plaintiff's agents or representative, whether past or present, including attorneys and/or any other individuals or entities acting for or on Plaintiff's behalf.

10.  "Petition" means Plaintiff's original and all amended petitions filed and served in this action in connection with the above-captioned Lawsuit.

11.  "Possession," "custody," or "control" mean that the person either has physical possession of the item or has a right to possession of the item that is equal or superior to the person who has physical possession of the item.

12.  "Person with knowledge of relevant facts" mean any person who has or may have knowledge of any discoverable matter. The person need not have admissible information or personal knowledge of the facts.

13.  "Writings and recordings" mean, but are not limited to, letters, words, or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photocopying, magnetic impulse, mechanical or electronic recording, or other form of data compilation. The phrase refers to both originals and all duplicates, whether in your possession, custody, control, or known by you to exist.

14.  "Photographs" means, but is not limited to, still photographs, x-rays, films, videotapes, and motion pictures. The word refers to originals and duplicates, whether in your possession, custody, or control, or that you know exist.

15.  "With respect to" means with regard to, respecting or concerning, to bring into or establish by association or relation, either direct or indirect,

includes: alluding to, commenting on, concerning, describing, discussing, responding to, connected with, regarding, evidencing, or pertaining to.

16.   "Document" or "documents" are used in the broadest sense and include, but are not limited to, the original or a copy, if the original is not available, of every written, printed, typed, recorded, reported graphic record of material, including every draft and/or nonidentical copy thereof, of every tape transcription that is in the actual constructive possession, custody, care or control of Defendant or Defendant's attorneys, including, but not limited to, all agreements, contracts, communications, correspondence, letters, notes, memoranda, proposed contracts or agreements, whether or not actually consummated, reports, logs, studies, summaries, agendas, bulletins, notices, announcements, instructions, charts, manuals, graphs, photographs, brochures, publications, books, minutes, including minutes of board of directors meetings and executive meetings, partnership meetings and management, executive partnership committee meetings, computer print-outs, schedules, drawings, tape or other voice records, videotapes, simulations, intra-company and inter-company memoranda, newspaper articles, magazines and other publications, telegrams, purchase orders, lists, proposals, invoices, plans, specifications, addendum, statements, receipts, confirmation slips, evidence of payments, bills, diaries, calendars, bills of lading, canceled checks and any copy of a document bearing notations, markings and writings of any kind or nature different from the original.

17.   "Personnel file" means any file, folder, or collection of documents kept on an employee by Defendant's human resources department, and includes, but is not is not limited to, employment applications, employment reviews, I-9 forms, and any similar documents. "Personnel file" does NOT include medical information or protected health information.

18.   "Witness statement" means a written statement signed or otherwise adopted or approved in writing by the person making it, or a stenographic, mechanical, electrical, or other type of recording on a witness's oral statement, or any verbatim transcription of such a recording, regardless of when the statement was made.

19.   "Relationship" refers to any relationship, arrangement, relation, affiliation, alliance, association, or affiliated companies.

20.   "Testifying expert" means an expert who you will call to testify as an expert witness at trial.

21.   "Consulting expert" means an expert who has been consulted, retained, or specially employed by you or your attorney in anticipation of litigation or in preparation for trial, but who is not a testifying expert.

**B.    Instructions**

1.    Defendant must answer these Requests by serving a written response on Plaintiff's counsel of record, Jamie J. Gilmore at Bailey & Galyen, 1300 Summit Avenue, Suite 650, Fort Worth, Texas 76102, within fifty calendar days of service of these Requests.

2.    Failure to respond to these Requests in a timely manner, truthfully, completely, and in good faith, may result in the imposition of sanctions, one of which is payment of Plaintiff's reasonable attorneys' fees, in accordance with Texas Rule of Civil Procedure 215.1(d).

3.    In responding to these Requests, Defendant must make a complete response, based on all information reasonably available to Defendant or its attorneys at the time the response is made. TEX. R. CIV. P. 193.1.

4.    If Defendant learn that its response was incomplete or incorrect when made, or, although complete and correct when made, is no longer complete and correct, Defendant must amend or supplement its response to the extent that the discovery sought the identification of persons with knowledge of relevant facts, trial witnesses, or expert witnesses, and, to the extent that the discovery sought other information, unless its additional corrected information has been made known to the parties in writing, on the record at a deposition, or through other discovery responses. TEX. R. CIV. P. 193.5(a).

5.    An amended or supplemental response must be made reasonably promptly after you discover the necessity for such a response. Except as otherwise provided by the Texas Rules of Civil Procedure, it is presumed that an amended or supplemental response made less than thirty days before trial was not made reasonably promptly. An amended or supplemental response must be in the same form as the initial response and must be verified if the original response was required to be verified. TEX. R. CIV. P. 193.5(b).

6.    Pursuant to Texas Rule of Civil Procedure 196.2(b), with respect to each item or category of items, your response must state, as appropriate, that:

    a.    production, inspection, or other requested action will be permitted as requested;

    b.    the requested items are being served on Plaintiff with your response;

    c.    production, inspection, or other requested action will take place at a specified time and place; or

    d.    no items have been identified, after a diligent search that are responsive to the Request.

7.  *The documents produced in response to these Requests must be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in each Request. TEX. R. CIV. P. 196.3(c).*

8.  In those instances where requested information is stored in electronic or magnetic form, Plaintiff hereby requests that you produce the raw data, along with all codes or programs for translating it into usable form, or shall produce the information in a finished, usable form, which would include all necessary glossaries, keys, and/or indexes for interpretation of the material.

9.  If you object to the requested place of production, you must state a reasonable time and place for complying with these Requests. TEX. R. CIV. P. 196.3(a).

10. Pursuant to Texas Rule of Civil Procedure 193.3, if you claim that material or information responsive to these Requests is privileged, you must state:

    a.  that the information or material responsive to these Requests has been withheld;

    b.  the Request to which the information or material relates; and

    c.  the privilege or privileges asserted.

11. If you object to any Request, you must comply with as much of the Request to which you have made no objection. TEX. R. CIV. P. 193.2(b).

12. If any document that contained relevant information has been destroyed or is no longer in existence state:

    a.  the identity of the person(s) preparing it and the sender thereof;

    b.  the title of the document or a description of its subject matter;

    c.  the identity of the addressee, if any;

    d.  the date of preparation; and

    e.  the date and manner of distribution, if any.

13. Unless otherwise stated, Requests to provide information pertain to this Lawsuit (as defined).

## III.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Produce a complete copy of Plaintiff's personnel file.

**RESPONSE:**


**REQUEST NO. 2:**

Produce a copy of any document that provided a reason or basis, or evidenced any reason or basis, for Defendant's decision to discipline Plaintiff in March 2020 and April 2020, including, but not limited to, (a) disciplinary actions, corrective counselings, performance improvement plans, etc. issued to Plaintiff, (b) supervisor files, supervisor desk files, or other files or folders maintained by any of Plaintiff's direct or indirect supervisors that document, discuss, refer to, or relate to Plaintiff and/or Plaintiff's work performance and workplace conduct, and (c) any written notes, journals, emails, diaries, etc., created by others that document, discuss, refer to, or relate to interviews conducted about or concerning Plaintiff, Plaintiff's work performance or workplace conduct, or any other issue that was a reason for the disciplinary action against Plaintiff.

**RESPONSE:**


**REQUEST NO. 3:**

Produce a copy of any email, voice message, or other item or document showing or evidencing that Plaintiff complained about unlawful and/or discriminatory treatment or complained about any of the allegations contained in Plaintiff's pleadings.

**RESPONSE:**


**REQUEST NO. 4:**

Produce a copy of any email (a) between Plaintiff and Defendant (or any of its employees), and/or (b) between any of Defendant's employees, that discusses, refers to, relates to, or mentions Plaintiff's employment performance, workplace conduct, and/or any of the reasons identified as a basis for disciplinary action against Plaintiff in March 2020 and April 2020. *This Request does not seek every email written or received by Plaintiff during Plaintiff's employment with Defendant*; it only seeks emails that relate to Plaintiff's work performance and/or the reasons for disciplining Plaintiff in April 2020.

**RESPONSE:**

**REQUEST NO. 5:**

> Produce a complete copy of any policy, procedure, handbook, guidebook, code of
> conduct, code of ethics, etc. that governed Plaintiff's employment with Defendant,
> including any acknowledgement page signed by Plaintiff, and any orientation program,
> training manual, new hire orientation, workplace training, etc., that was provided to
> Plaintiff during Plaintiff's employment with Defendant, including any sign in sheet
> showing Plaintiff's attendance at any such program.

**RESPONSE:**

**REQUEST NO. 6:**

> Produce a copy of any medical records or other documents that discuss, refer to, or relate
> to Plaintiff.

**RESPONSE:**

**REQUEST NO. 7:**

> Produce a copy of any document showing (a) Plaintiff's annual salary or hourly wage at
> the time Plaintiff's employment was separated, and (b) the monthly value in dollars as of
> the date Plaintiff's employment was separated, of all fringe benefits available to and
> elected by Plaintiff (this includes, but is not limited to, health insurance, dental insurance,
> life insurance, disability insurance, defined benefit or defined contribution retirement
> plans, flexible spending accounts, etc.).

**RESPONSE:**

**REQUEST NO. 8:**

> Produce a copy of any organizational chart for the unit, division, or entity that employed
> Plaintiff.

**RESPONSE:**

**REQUEST NO. 9:**

Produce a copy of all "Equal Employment Opportunity is the Law" posters, or other posters, flyers, or displays, notifying employees of their rights under federal and/or state employment laws, that were displayed at the location(s) where Plaintiff worked during the time Plaintiff worked there.

**RESPONSE:**

**REQUEST NO. 10:**

Produce a copy of (a) any discipline, written warnings or counselings, performance improvement plans, etc. issued to, and/or (b) complaints, charges, or allegations of unlawful or discriminatory treatment made against, every person involved in any disciplinary action taken against Plaintiff, including anyone who had to sign off on or approve of the decision, and every person Defendant interviewed, consulted, etc., about the facts that led to the discipline of Plaintiff.

**RESPONSE:**

**REQUEST NO. 11:**

Produce a copy of any document you sent to or received from any governmental agency (including, but not limited to, the Texas Workforce Commission, the Equal Employment Opportunity Commission, the National Labor Relations Board, etc.) that discusses or refers to Plaintiff's employment with Defendant.

**RESPONSE:**

**REQUEST NO. 12:**

Produce a copy of all documents that show agreements between you and your current attorneys for the provision of legal services, marketing materials from your current attorneys regarding the services they will provide, any local, state, or national retainer agreements between you and your current attorneys, a listing of all employment matters (lawsuits, administrative proceedings, etc.) your current attorneys have handled for you in the past ten years, and all invoices, bills, and other documents showing the fees and costs you incur in this Lawsuit.

**RESPONSE:**

**REQUEST NO. 13:**

Produce a copy of any document you intend to use to impeach any current or former employee who has been listed as a person with knowledge of relevant facts by you or by Plaintiff.

**RESPONSE:**


**REQUEST NO. 14:**

Produce a copy of any document you intend to use against Plaintiff for impeachment purposes, including any document you contend shows any criminal arrest or conviction of Plaintiff.

**RESPONSE:**


**REQUEST NO. 15:**

Produce a copy of any document you contend supports any of your affirmative defenses.

**RESPONSE:**


**REQUEST NO. 16:**

Produce a copy of any document you contend constitutes after-acquired evidence relating to Plaintiff's employment with, or termination from, Defendant.

**RESPONSE:**


**REQUEST NO. 17:**

Produce a copy of any document that you subpoenaed from any third-party concerning Plaintiff, including, but not limited to, Plaintiff's medical records, educational records, employment records, Social Security records, unemployment records from the Texas Workforce Commission.

**RESPONSE:**

**REQUEST NO. 18:**

Produce all written communications (including, without limitation, texts and emails), in which any of the following people is a party to that communication, that address any allegation Plaintiff made of discrimination, retaliation, and/or harassment, and was sent or received prior to Plaintiff's separation from employment.

a) Landy Metayer
b) Kimberly [last name unknown] – Metayer's former coworker
c) Alice [last name unknown] – Metayer's former supervisor
d) Paula [last name unknown] – Metayer's superior
e) Bizola [last name unknown] – Metayer's former coworker
f) Samantha Jones
g) Marie [last name unknown] – Metayer's former coworker

**RESPONSE:**

**REQUEST NO. 19:**

Produce all notes of any oral communications, in which any of the following people is a party to that communication, that address any allegation Plaintiff made of discrimination, retaliation, and/or harassment, and was made prior to Plaintiff's separation from employment.

a) Landy Metayer
b) Kimberly [last name unknown] – Metayer's former coworker
c) Alice [last name unknown] – Metayer's former supervisor
d) Paula [last name unknown] – Metayer's superior
e) Bizola [last name unknown] – Metayer's former coworker
f) Samantha Jones
g) Marie [last name unknown] – Metayer's former coworker

**RESPONSE:**

Respectfully submitted,

*/s/ Jamie J. Gilmore*
Jamie J. Gilmore
State Bar No. 24045262
jgilmore@galyen.com
Brittney L. Thompson
State Bar No. 24104618
bthompson@galyen.com
**BAILEY & GALYEN**
1300 Summit Avenue, Suite 650
Fort Worth, Texas 76102
Telephone: 817-276-6000
Facsimile: 817-276-6010
**ATTORNEYS FOR PLAINTIFF**